## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEVEN P. CALDERON**<br>**722 Bullville Rd.**<br>**Montgomery, NY 12549** | : **CIVIL ACTION**<br>:<br>: **JURY TRIAL DEMANDED** |
| **Plaintiff,** | : |
| v. | : No.<br>: |
| **CITY OF BETHLEHEM**<br>**10 East Church Street**<br>**Bethlehem, PA 18018** | :<br>:<br>: |
| *And* | : |
| **OFFICER THOMAS W. BOWDEN**<br>**10 East Church Street**<br>**Bethlehem, PA 18018** | :<br>:<br>: |
| *And* | : |
| **OFFICER JOHN DOE #1**<br>**10 East Church Street**<br>**Bethlehem, PA 18018** | :<br>:<br>: |
| **Defendants.** | : |

## COMPLAINT

AND NOW, comes the Plaintiff, Steven P. Calderon, by and through his undersigned counsel, van der Veen, Hartshorn & Levin, to file the instant Complaint in Civil Action against Defendants City of Bethlehem, Officer Thomas Bowden, and Officer John Doe #1. Plaintiff brings this civil rights action under 42 U.S.C. § 1983 to redress violations of his Fourth and Fourteenth Amendment rights arising from his unlawful arrest for alleged public intoxication by Officer Thomas W. Bowden and Officer John Doe #1 of the Bethlehem Police Department. Plaintiff was arrested despite engaging in no unlawful conduct.

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is invoked pursuant to 42 U.S.C. § 1983.

2. Venue lies in this District under 28 U.S.C. § 1391(b) because the events occurred within the Eastern District of Pennsylvania and all defendants are domiciled therein.

3. This Court has subject matter jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343.

## PARTIES

4. Plaintiff Steven P. Calderon is an adult male residing in Montgomery, New York at the above referenced address. At all relevant times, Plaintiff was – and remains – a Sergeant with the New York State Police. He is trained in criminal statutes, probable-cause standards, and proper arrest procedures.

5. Defendant, City of Bethlehem, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

6. Defendant, City of Bethlehem, is responsible for hiring, training, and disciplining police officers within the City of Bethlehem Police Department.

7. Defendant Thomas W. Bowden is an adult resident of Pennsylvania, who at all times material to this complaint was an officer of the Bethlehem Police Department.

8. Defendant John Doe #1 is an adult individual whose true name and badge number are presently unknown to Plaintiff. At all relevant times, Defendant John Doe #1 was a sworn police officer employed by the Bethlehem Police Department, acting under color of state law and within the course and scope of his employment. Plaintiff will amend this Complaint to substitute Defendant's true name when ascertained.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

10. On or about November 23, 2024, Plaintiff attended a public, ticketed event at the Wind Creek Event Center, part of the Wind Creek Casino in Bethlehem, Pennsylvania.

11. Plaintiff recorded several short videos of the event on his personal cell phone. An usher approached, informed him that filming was not permitted, and demanded his phone so the recordings could be deleted. Plaintiff calmly refused, explaining that he had done nothing unlawful.

12. Casino security then removed Plaintiff from the Event Center, claiming he was being disruptive, though he remained calm and compliant.

13. The usher and casino security contacted the Bethlehem Police Department, which maintained an on-site officer at the casino.

14. Casino security told responding officers, including Officer Bowden and Officer John Doe #1, that Plaintiff had refused to surrender his phone.

15. Plaintiff was cooperative and not disruptive in any way.

16. Plaintiff possessed a valid ticket, had not been lawfully ejected, and remained authorized to be on the premises.

17. A Bethlehem police officer gave Plaintiff an ultimatum: unlock his phone or be taken to jail. Relying on his training and experience as a New York State Police officer, Plaintiff knew he could not lawfully be compelled to do so.

18. When Plaintiff refused to turn over his cell phone, Officer Bowden and Officer John Doe #1 placed him under arrest despite recognizing that they lacked probable cause for trespass, disorderly conduct, or any other offense.

19. Plaintiff had consumed three or four alcoholic beverages over the course of several hours that evening but was not intoxicated, disorderly, or a danger to anyone. Plaintiff had no intention of driving or leaving the premises until the following morning.

20. At the station, Officer Bowden demanded a breath sample and told him he would be held for eight hours if he refused. Still unaware of the charge against him, Plaintiff respectfully declined to provide a sample.

21. After several hours in custody, Plaintiff developed chest pains and was transported to a hospital, where he was served with a citation for public drunkenness under 18 Pa.C.S. § 5505.

22. Section 5505 states that "[a] person is guilty of a summary offense if he appears in any public place manifestly under the influence of alcohol or a controlled substance…to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity."

23. Officer Bowden claimed in his affidavit of probable cause that Plaintiff was annoying the patrons around him and did not make any mention that Plaintiff presented as a danger to himself or others, or their respective property.

24. At trial, Officer Bowden was the sole witness. The Honorable Judge Englesson found the testimony insufficient to show that Plaintiff created a disturbance and observed that the Event Center usher appeared to have caused the commotion. The court entered a verdict of *Not Guilty*.

25. As a result of the Bethlehem Police Department's unlawful arrest, Plaintiff suffered humiliation, emotional distress, and professional harm, including embarrassment among fellow officers and adverse employment consequences affecting his pending promotion to lieutenant, shift assignments, overtime opportunities, and internal disciplinary proceedings within the New York State Police.

## COUNT I – UNLAWFUL SEIZURE / FALSE ARREST
### *Plaintiff v. Officer Bowden and Officer John Doe #1*

26. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

27. Officer Bowden and Officer John Doe #1 arrested Plaintiff on November 23, 2024 without probable cause or lawful justification.

28. Officer Bowden and Officer John Doe #1 also arrested Plaintiff in contravention of the established law, which provides that an arrest without a warrant shall only be made in the case of public drunkenness where the officer has probable cause to believe that the individual's conduct "imperils the personal security of any person or endangers public or private property." 42 Pa.C.S.A. §8902(a).

29. Officer Bowden's affidavit of probable cause clearly articulated that Plaintiff was being charged with public drunkenness to the extent that his conduct annoyed the surrounding patrons. He made no mention that Plaintiff presented as a danger to himself or others, or any personal property.

30. Officer Bowden and Officer John Doe #1 were acting under color of state law as an employee of the City of Bethlehem Police Department at all relevant times hereto.

31. By arresting and detaining Plaintiff without probable cause, Officer Bowden and Officer John Doe #1 violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.

32. Officer Bowden and Officer John Doe #1 acted with wanton and reckless disregard for Plaintiff's constitutional rights when they engaged in the conduct described herein.

33. As a direct and proximate result of the acts and omissions described herein, Plaintiff suffered compensatory and special damages as defined under federal common law and in an amount to be determined by a jury.

## COUNT II – MALICIOUS PROSECUTION
### *Plaintiff v. Officer Bowden and Officer John Doe #1*

34. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

35. Officer Bowden and Officer John Doe #1 lacked authority to effectuate an arrest of Plaintiff on November 23, 2024 for public drunkenness, in violation of 42 Pa.C.S.A. §5505.

36. Officer Bowden initiated criminal proceedings against Plaintiff by effectuating an arrest and filing a criminal complaint against him.

37. Officer Bowden exhibited wanton and reckless disregard for Plaintiff's civil rights by initiating these proceedings in the absence of probable cause, against established law that such an arrest for "annoyance" could not be effectuated absent a warrant, and failing to include material facts in his affidavit of probable cause, such as that Plaintiff was instructed that he would be arrested unless he provided Officer Bowden access to his cellular phone.

38. Plaintiff was required to appear in court and defend himself against this baseless charge.

39. The criminal proceedings terminated in Plaintiff's favor when the Honorable Judge Englesson entered a verdict of *Not Guilty*.

40. As a direct and proximate result, Plaintiff suffered emotional distress, reputational injury, financial loss, and related damages as defined under federal common law and in an amount to be determined by a jury.

### COUNT III – MUNICIPAL LIABILITY (Failure to Train, Supervise, or Discipline)

41. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

42. The constitutional violations described above were directly and proximately caused by the City of Bethlehem's policies, customs, and practices, including but not limited to:

    a. Failing to adequately train officers regarding probable cause requirements for arrest under 18 Pa.C.S. § 5505 (public drunkenness);

    b. Failing to train officers on the limits of police authority in responding to private-security requests;

    c. Failing to discipline or retrain officers who make arrests without probable cause; and

    d. Maintaining a custom or practice of using public-drunkenness charges to justify arrests lacking legal basis.

43. These policies and omissions demonstrate deliberate indifference to the constitutional rights of individuals, including Plaintiff.

44. The City's failure to properly train, supervise, and discipline its officers was the moving force behind Plaintiff's unlawful arrest and prosecution.

45. As a result, Plaintiff suffered loss of liberty, emotional distress, reputational harm, and monetary damages as defined under federal common law and in an amount to be determined by a jury but believed to exceed $75,000.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL ISSUES OF FACT HEREIN.**

**WHEREFORE,** Plaintiff, Steven P. Calderon, prays for judgment against Defendant as follows, a Money judgment against Defendant City of Bethlehem for compensatory, special, and punitive damages together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest and punitive damages are available and are hereby claimed as a matter of federal common law under *Smith v. Wade*, 461 U.S. 30 (§ 1983 Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988) and for such other relief as this Court deems just and equitable.

                              **van der Veen, Hartshorn & Levin**

                              */s/ Kaitlin C. McCaffrey*
                              Kaitlin C. McCaffrey
                              Attorney for Plaintiff
                              1219 Spruce Street
                              Philadelphia, PA. 19107
                              (P) 215-546-1000
                              (F) 215-546-8529
                              kmccaffrey@mtvlaw.com

Date: February 18, 2026